BYRNE v. WHEELER et al.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. FRAUDS, STATUTE OF (§ 17*)—PROMISE TO PAY DEBT OF ANOTHER.
    A guaranty of payment if the debtor does not pay, not being in writing, is void under the statute of frauds.
    [Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 13, 16, 17; Dec. Dig. § 17.*]

2. CONTRACTS (§ 187*)—CONSTRUCTION OF AGREEMENT.
    A letter from defendants to plaintiff, stating receipt of letter from M., asking them to pay plaintiff out of moneys due M. on final payment for certain work, a certain sum, and that they will see that payment is made to plaintiff, is only a promise to pay, as requested by M., out of the fund due M. when he became entitled to a final payment, so that, he never having become entitled to a final payment, all the money having been disbursed in payment of mechanics' liens, there was no cause of action against defendants.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 798–807; Dec. Dig. § 187.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Thomas J. Byrne against George C. Wheeler and another. From a judgment for plaintiff, defendants appeal. Reversed and dismissed.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

Lord, Day & Lord, of New York City (Edward W. Walker, of Brooklyn, of counsel), for appellants.

William J. Lamey, of New York City (James W. Monk, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff alleges in his complaint that the defendants agreed to pay him—

"the sum of $140 or any amount not in excess of said sum for all goods, wares and merchandise to be delivered or furnished to one Joseph J. Marrin, Jr., or ordered by said Joseph J. Marrin, Jr., to be used for or in the construction of a certain sewer in West 178th street between Northern and Haven avenues in the borough of Manhattan, city of New York."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At the trial it was shown that Marrin had a contract to erect the sewer for one Sommerville, the owner, and the defendants were surveyors and civil engineers in charge of the work for Sommerville.

The plaintiff testified that he furnished goods to ·Marrin for use on the sewer, but·before he furnished the goods he brought to the defendants an order made by Marrin and addressed to the defendants, to pay him the sum of $140 out of the moneys due to Marrin on final payment for the sewer, and that one of the defendants then said: "If Marrin don't pay you, I will." Plaintiff requested the defendants to put the promise in writing, and thereafter he received from them the following letter:

"Gentlemen: We inclose herewith copy of letter received from Joseph J. Marrin, Jr., in which he asks us to pay to. you, out of moneys due him on final payment for sewer on W. 178th street between North & Haven avenues, for material furnished, the sum of one hundred and forty dollars. We will make proper note of this and see that payment is made to you.
"Yours very truly,                    G. C. & A. E. Wheeler,
                                          "[Signed]   George C. Wheeler."

The defendants inclosed in this letter a copy of the same order which plaintiff claims to have delivered to them, except that the order had been changed by adding at the bottom the words, "To Mr. William B. Sommerville, 177th St. & Haven avenue, New York, N. Y."

Upon this testimony the trial justice gave judgment for .the plaintiff in spite of the fact that it appears that the entire sum due Marrin for final payment was disbursed in the payment of mechanics'. liens, and there was no fund applicable to Marrin's order to pay the plaintiff.

[1, 2] It seems to me quite evident that this judgment is erroneous. It is fairly inferable that the plaintiff knew that the defendants were only agents for the owner, and never held themselves out as principals, but, even if we were to hold that they failed to disclose their agency, yet no cause of action against them has been shown. The alleged conversation with the defendants certainly shows no direct promise to pay for the goods. At most it was a guaranty to pay if Marrin fails to pay. No such guaranty is pleaded, and such a guaranty would be void under the statute of frauds. Moreover, it was evidently intended that this promise should thereafter be put in writing and the plaintiff must stand or fall upon the defendants' letter, which embodied the promise. This letter seems to me in no wise ambiguous, and, read alone or even in the light of the prior conversation, contains only a promise to pay as requested by Marrin out of the fund due to ·Marrin when he became entitled to a .final payment. Since Marrin never became entitled to such a payment, the plaintiff has no cause of action against these defendants.

Judgment should therefore be reversed, with costs and complaint dismissed, with costs. All concur.